# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

HOWARD COHAN,

    Plaintiff,

v.

NEW VISION HOTEL ONE, LLC, a Colorado limited liability company,

    Defendant.

## PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by New Vision Hotel One, LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.  Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

### PARTIES

3.  Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant is a limited liability company with its registered office located at 1120 Lincoln Street, Suite 1100, Denver, CO 80203.

5. Upon information and belief, Defendant owns or operates "Cambria Suites Gateway" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb.

8. At the time of Plaintiff's initial visit to Cambria Suites Gateway (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9. Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

10. Plaintiff regularly travels to Colorado to visit friends and shop and has plans to return to Aurora on May 13, 2019.

11. Plaintiff encountered barriers to access at the Facility which denied him full and equal access and enjoyment of the services, goods and amenities.

12. Plaintiff is a customer of Defendant and would return to the Facility in May if Defendant modifies the Facility and its policies and practices to accommodate individuals who

have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

13. Due to Plaintiff's frequent travels, he also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

14. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

15. Plaintiff incorporates the above paragraphs by reference.

16. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

17. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

18. Plaintiff incorporates the above paragraphs by reference.

19.     Cambria Suites Gateway is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

20.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

21.     Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

22.     Plaintiff personally encountered architectural barriers on March 8, 2018, at the Facility located at 16001 E 40th Cir, Aurora, Colorado 80011:

   a. Passenger Drop Off:
      i. Failing to provide a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3.
   b. Pathway:
      i. Providing pathways and surfaces that are uneven in violation of 2010 ADAAG §§206, 206.1, 206.2, 206.2.2, 303 and 403.4.
   c. Restroom:
      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

    ii. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.

    iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

    iv. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

    v. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

    vi. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

    vii. Failing to provide toilet cover dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

    viii. Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    ix. Failing to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6.

d. Counter:

    i. Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1 306.3, 606 and 606.2.

23. These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating his injuries.

24. Defendant has failed to remove some or all of the barriers and violations at the Facility.

25. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

26. Plaintiff believes that Defendant similar barriers are present

27. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

28. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and other violations listed in this Complaint.

29. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

30. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. declare that the Facility identified in this Complaint is in violation of the ADAAG;

C. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

Respectfully submitted this 15th of March, 2019.

                                                */s/ Gloria Y. Saad*
                                                **Gloria Y. Saad**
                                                Blackmore Law PLC
                                                21411 Civic Center Drive, Suite 200
                                                Southfield, MI 48076
                                                Telephone: (833) 343-6743
                                                E-mail: gsaad@blackmorelawplc.com
                                                *Counsel for Plaintiff*